(29 Misc. Rep. 622.)

### SONN et al. v. WEISSMANN et al.

(Supreme Court, Appellate Term. November 29, 1899.)

1. LANDLORD AND TENANT—ACTION FOR RENT—REPAIRS—EVIDENCE.

In an action for rent, under a lease specially providing that plaintiff should not be liable for repairs, or any damage or injury by water which might be sustained by defendants by reason of breakage or obstruction of the water pipes in the building, evidence of such damage was properly excluded.

**2. SAME—DIRECTED VERDICT.**
It was proper for the trial judge to direct a verdict for the amount of rent admitted to be due.

Appeal from city court of New York, general term.

Action by Hyman Sonn and another against Henry A. Weissmann and another to recover rent of demised premises. From a judgment of the general term (58 N. Y. Supp. 1149) affirming a judgment of the trial term in favor of plaintiffs, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James, Schell, Elkus & McGuire, for appellants.
Hayman & Rosenthal, for respondents.

MacLEAN, J. First as counterclaims (in which guise they were withdrawn voluntarily upon the trial), then as two separate defenses, the defendants pleaded, in answer to a claim for rent due under an agreement of letting and hiring of the ground floor of a building in the city of New York, that the plaintiffs had failed to carry out the terms of the said agreement on their part to be performed, had failed to keep the premises in a tenantable condition, and had failed to repair and keep repaired, as agreed by them, the ceilings, the plumbing, and steam pipes, by reason whereof water was allowed to come down upon the goods of the defendants, to their damage in the sum of $1,200, and, furthermore, that, through the negligence of the plaintiffs respecting the pipes and ceilings, water was allowed to come through the floor from above, to the damage of the defendants' merchandise in the sum of $1,200. It appeared, however, from the agreement introduced in evidence, that the plaintiffs, the landlords, had not covenanted to keep the premises in a tenantable condition, or to make repairs, and that they had carefully provided that they should not be liable for any damage or injury by water which might be sustained by the tenants, or by reason of the breakage, leakage, or obstruction of the water or soil pipes in or about the demised building. Upon this, the learned trial justice properly excluded the evidence offered by the defendants respecting such damage, and which could only have been received under some agreement which the defendants had not alleged, and directed a verdict for the plaintiffs for the amount of the rent admittedly due. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.